THIS is an action of trespass vi et arnvis, for stopping and detaining the plaintiff’s wagon and team oh the public highway, when moving his family and goods to Indiana $ and also, taking and carrying away a *231 grey máre of the plaintiff’s, and saddle and bridle* on which the plaintiff was riding to Indiana, and thereby detaining him on his journey for a number of days, whereby he . was put to great trouble and ex-pence. The defendant below pleaded not guilty, with leave to give any special matter in evidence, which might have been specially pleaded.. The jury found & considerable verdict for the plaintiff, on which judgment was rendered, from which the defendant has appealed.
It does not appear that the cause, previous to the trial, had ever been continued for either party, on cause shown. When it was then called, and the plea was filed, the appellant moved for a continuante, on his own affidavit, which stated that two witnesses, who had been summoned, were not attending; that by one of them he could prove facts, which he disclosed, and which wé cannot perceive, either from the pleadings or the subsequent evidence* had any bearing on the issue; nor does he state that these facts áre important, or show how they could apply. By the other, he stated that he expected to prove that the property, for the taking of which this suit was brought, :«ad been returned to the appellee before suit brought, and that when taken, he had offered immediate trial of the attachment by which they were seized; and added, that he could prove the same fácts by a witness then present. The court overruled the application for a continuance, and the appellant excepted, and this is assigned for error.
Motions for continuances are applications to the sound discretion of the court below, and when overruled. this court would cautiously interfere and control the decision. This discretion is, however, to be guided by legal rules ; and we will not be understood to say, that this court ought in no instance to interfere; but barely to suggest, that the advantages possessed by the court below, on an inspection of the movements and conduct of the party applying, must be superior to what can be represented to this court on paper. Sincerity or truth in the applicant may be visible there, and not be so easy to be described as to be visible here. As to the absence of the first named witness in this case, it could furnish no ground ; for although the plaintiff was not bound, according to *232 previous decisions of this court, then to have disclose! what he believed he could prove'.'by him ; yet, as he has done so, and the matter appears foreign to the controversy, he could not be entitled to a continuance on that account.
That there is a witness in court who will prove the same facts which the party ap plying for continuance swears he can prove by witnesses Who are absent, is nt>t a sufficient ground for overruling a motion for a continuance, ifin such case, the witness in court is not credible, or is a witness of bis adversary, he might to swear that he cannot safely go to trial without the absent witness to the same fact, an'd if be does not, he shews no good ground for a continuance. As an affidavit for a continuance is the testimony of the party interested, it ought to be construed with strictness. Stating that he expects to provea ma. erial fact by-,-i .'boent W’ • s. is >.ot suffi. ■ vi ,-t He ought o s< ate that lie firm y believes he can:
*232 2 The matter which he contemplated proving by the second witness, was pertinent, anti might be used to mitigate damages ; and on this, must this point turn. We couceive. however, that the case made out, with regard to him. was not sufficient. We would not be understood as deciding that the statement, that he could prove the same facts by another witness present, ought to be conclusive against the application, although it may be entitled to weight; for such a rule might be productive of injury to litigants. Some witnesses are not credible, and some are more so than others. Hence, a party might be pressed into a cause, trusting to the statement of an.incredible witness, deposing to an important fact, on which the cause might essentially turn, at a time when he could prove the same fact by a witness or witnesses more credible. Besides, the witness or witnesses present, by whom he could prove the same important fact, might he those of bis adversary, to whom, by being compelled to call tbeni, he must attadi credit, and, therefore, could not lie allowed to impeach their credibility, if they deposed to other facts against him. It will frequently not be in the powér of a court, to whom application is made for a continuance, to know whether the anolicant is under such circumstances as are just described. The court may not know whether the witness or witnesses present, who can prove the facts, are or are not credible$ and, on a motion for a continuance, the inquiry-in to the credit of the present Witness might be improper. Hence, the applicant must, in this point, be measurably his own judge, and ought to depose, that ho is advised and verily believes that he cannot go safely into trial, without the absent witness. On such a statement, on oath, be might excuse himself from being compelled to rely on the witness present, 'i he want of such a statement is an essential defect -in the affidavit of the present applicant. He did not suggest, that his cause, on this point, would be unsafely trusted to the testimony present; and the court, therefore, rightly-overruled the application.
Circumstances under which circuit coarts ought not rigidly to adhere to their rules of practice.
As an affidavit for a continuance is the testimony of the party interested, it ought to be construed with some degree of strictness. In looking over 'his. we discover another defect worthy of notice. The state ment is, “ that he expected to prove,” by the absent witness, the facts. This is an equivocal expression and his expectation might be founded on slight grounds An applicant ought to state, that he firmly believed he could prove the facts by the witness absent. Less than this ought not to entitle him to indulgence, for the purpose of procuring the witness. On this point, also, the present affidavit is deemed insufficient
3. After the trial had commenced, and two witnes ses were sworn on the partot the plain tin, and one on the part of the defendant, the hour of dinner approach ed, and the counsel on each side stated that they were through their testimony; and the court then took a recess, for the purpose of dining. One of these wit. nesses on the part of the plaintififhad deposed, that he had started with his wagon to remove the appellee’s goods and family to Indiana, with the appellee in company, and that a constable, attended by the appellant, overtook them, and took a grey mare and saddle, at the direction or the appellant, whereby the wagon was detained two days, for which he received compensation from the appellee, and then went on with the appellee’s family, leaving him behind, where he staid several days; tiiat on the return of the witness from Indiana, he met the appellee, who then stated that he had regained all his property ; that at the time of the seizure of the property by the-constable, the appellant offered the appellee to have the trial of the attachment, by which the property was taken, over immediately.
After the court returned from dinner to resume the tpial, the appellant called back one of the witnesses, and of him, as well as others, several questions were asked and answered. The defendant’s counsel then offered to read to the jury an attachment bond, and an attachment issued by a justice of the peace, and the return of the same constable spoken of by the witness, made thereon, stating the seizure of the same property taken as stated by the witnesses. The court refused to let these documents go in evidence, because the parties had declared before dinner, that they were *234 through their testimony, and the appellant’s counsel had these papers then in possession. To this decision the appellant excepted, and now assigns it as error.
it is a general rule, that Case, and not Trespass vi et ormis, is the appropriate remedy for the abuse of legal process in civil actions; and an attachment issued by a justice of the peace, is a civil action within this rule.
We would not lightly disturb the decision of an inferior court, resulting irom the rules oí practice, which ought always to exist and be firmly enforced, for the purpose of restraining the improprieties of parties and their counsel, and repressing captious proceedings,- and loss of time. It is In general a correct practice, that after parties have closed their evidence, they ought to abide by it, unless some good cause exists, why further testimony should be adduced. In this case, however, there does not appear to have been any in. tenfion manifested, to act disorderly, or proceed so irregularly as to disturb the regular course of business. The expressions used before dinner, that “ each was through their testimony,” might have been inadvertently expressed, with an intention of conveying the idea, that they were done examining their witnesses, and not that they would not introduce testimony of another character. Besides, the assurance given was violated, and that violation indulged by the court after the cause was resumed. This, it is true, did not bind the court to continue the violation ; but if it was indulged for the purpose of extracting a few less important details of evidence, it could not but be reasonable to indulge it for more important matters. We are, therefore, disposed to view the restriction in this instance, as rather rigid, and deserving the interposition of this court, if the attachment was proper and important testimony, which forms the next inquiry.
4. Thisis an action of tresüass. anditisasettled manciple, that for property taken, or a person arrested, underprocess of law, an action of trespass cannot be maintained. For an improper use or abuse of such process, the party injured must resort to his action on the case. To this rule there are many well founded exceptions , such as where the process is wholly irregular or void, or has been set aside and annulled, or has issued from a court or tribunal not having competent jurisdiction, or where the process has been levied or executed on the goods or person of a stranger. An attachment issued by a justice of the peace, under our statute, we view as a civil proceeding, and subject to the same rule, in this respect, as other suits: and for its abuse, the par *235 ty injured must be compelled to resort to an action on the case. It is true, in this attachment we can easily discover many defects, such as would make it erroneous, when tested by the settled law of this court; but these do not render it void, but might make it yoidable. If, therefore, it came from,the proper authority, it might still have been used to destroy the right to an action of trespass; and we know of no exception to the general rule, with regard to process erroneous merely. It must still have its effect, till it is annulled, when used collaterally. If a contrary doctrine was to prevail, every erroneous writ might be drawn in question collaterally, for defects which ought to be, and can only be questioned directly by a revising pow. er. Of course, such defects cannot render this attachment improper. The question, then, terminates in the inquiry, had a justice of the peace authority to issue this attachment ?
tachment & * was so erro, neous that appeals^ °* would have reversed the j“df“leaot°a authorise bringing trespass, un« waa
justjces the.peace have original and exclusive jurisdiction in all attachm-nts nol. exceeding fifty dollars, founded on any specialty, bill oe note io writing or account.
*235 The attachment is for the sum of thirty five dollars, and by the general law regulating attachments, 1 Digest L. K. Ill, a justice of the peace, in case of absconding debtors, is expressly authorised to issue an attachment for any sum j those which are over five pounds, to be made returnable to a court of competent jurisdiction, and those below that sum, before a justice of the peace. By a subsequent law, 2 Dig. L. K. 701, the jurisdiction of justices of the peace was extended k<> all sums between five pounds and fifty dollars. But the first act on that subject evidently did not carry attachments between these sums along with it. It made the jurisdiction of justices of the peace concurrent with the circuit courts, for sums over five pounds and not exceeding fifty dollars. For these sums justices were authorised to give judgment; but it was only on the personal service of their ordinary process, and attachments against the estate of absconding debtors were, as a species of proceeding sui generis, left by this act to depend upon the provisions of the ancient act which gave them birth, and were then to be conducted as if the latter act had never been passed. But an amendatory act passed January 28th, 1813, 2 Dig. L. K. 704. In its 5th section, it contains the following provision : “ The justices of the peace in this commonwealth shall have exclusive original jurisdiction of all sums not ex ceeding fifty dollars, fou nded on any specialty, bill or *236 note m writing, or account.” Now, as there are no express words authorising justices of the peace to givo judgment in the proceedings by attachment for sums between five pounds and fifty dollars, but only on the personal service of process, can it be inferred that this provision transferred to them the power of rendering judgments in attachments over five pounds ? We conceive it can. By this provision, the power to give original judgments for such sums is clearly taken away from the circuir courts; but. still the authority to issue such attachments, under the act lor that purpose, remains. They may still be issued ; and as the circuit courts cannot givejudgmeutupon them, if justices of the peace also cannot, it would follow, that they might still be levied onproperty, but could be returned no where; and the property remain, without authority to sell it, in the hands of the officer. Such an absurdity cannot exist, arid must be removed by saying, that by the provision under consideration, justices of the peace may exercise ail the original jurisdiction, over sums not exceeding fifty dollars, which the circuit courts formerly held, and may exerci-e it in the same, modes of proceeding.. It thence follows, that attachments being one of the modes in which the circuit courts formerly exercised original jurisdiction for such sums, the justices of the peace may exercise it now. We, therefore, conceive, that the power of the circuit courts only, to give judgments in such cases, is repealed, and that the power to issue such attachments remains with justices of the peace ; and that, by the, latter act, they must also adjudicate upon them. It follows, then, that the attachment offered in this; case as a justification, was proper e vidence; and that, as such, it may be fatal to this action, and the court below erred in too rigidly excluding it.
The judgment must, therefore, be reversed, and the verdici set aside, and the cause remanden tor new proceedings, not inconsistent with this opinion.