Judge Mills
delivered the Opinion of the Court.
[Absent Chief Justice Bibb.]
This is an action of slander, and a verdict and judgment for the plaintiff below, which the defendant seeks to reverse by writ of error.
We pass over the exceptions to the declaration, because we perceive no defect therein; but must notice a plea of justification, which on demurrer, was overruled by the court below.
Plea, in slander, for words importing a direct charge of an offence, that “it was generally reported, &c. and therefore, defendant had said it was generally reported,” is not sufficient.
That defendant charged plaintiff with being a liar, is not actionable—But in a suit for actionable words, such words may be proved under the general issue, whether contained in the count or not—And defendant might prove they were true without spended plea.
The declaration contains three counts, in each of which the defendant is charged with making direct charges of lewdness against the female plaintiff:—not stating that he detailed the statements of others.
To all these the defendant pleaded, that “it was generally reported, and therefore he had said it was generally reported,’’ that she was guilty of the charges of adultery stated in the declaration. The idea that an individual may assert that another is guilty of the foulest crimes, and then either justify or excuse himself by averring and proving that the same facts were generally reported as true, is too absurd to need refutation. It would exclude every person against whom rumor of guilt generally prevailed, from redress in a court of justice; and if the defendant could first succeed by industrious circulation, in making such reports general, he would excuse himself from all liability, even if they were false and slanderous.
The rest of the defendant’s plea is, to a part of the declaration, which would not support an action , The plaintiff, in one of the counts, in reciting the words alleged to be spoken by the defendant, couples with the main charge of lewdness, other expressions used by the defendant at the same time, charging the female plaintiff with being a liar, and that he could prove it. This is seized upon by the defendant in his plea, and he gives a long detail of falsehoods, which he alleges were told by the female plaintiff, and which he offers to prove false, while he has given the lame answer already noticed to the main question.
Now it is clear, that these words which the defendant seems anxious to justify, are not, in themselves actionable. They need not have been noticed in the declaration; and if not noticed, might still have been proved upon the trial, under the general issue to shew malice; and the truth of them might likewise have been shewn under the same issue, without a pica. It would be a strange conclusion, that the defendant could aver and prove the truth of words not actionable, and thus excuse himself from the effect of those that wore. The court, therefore, did not err in overruling his pica.
Motion for continuance overruled.
It is not sufficient in affidavit for a continuance, to state what the party expects the absent witness will prove; he must state he firmly believes the witness, will prove the fact.
An affidavit for a continuance can not be amended after the court has given an opinion
C. S. Bibb for plaintiff; Marshall for defendants,
After having pleaded the general issue, he moved for a continuance, relying on an affidavit. The court overruled his motion, and he excepted.
It must be admitted that some of the facts Which he alleges lie expected to prove by the absent witnesses, were material, and might have been used in mitigation of damages, and that his affidavit assigns good reasons why some of those witnessed were not attending the trial. But there is still a defect in the affidavit, in every case, he alleges that “he expected to prove” these facts by the witness, and in no instance does he swear that he verily believes he can. This is too loose a mode of expression, to be permitted in the affidavit of the party, who pro hac vice, is a witness in his own cause, and one which shields the conscience to too great an extent; as held by this court in the case of Owens vs Starr, 2 Litt. Rep. 230. This firm belief is necessary, and not a slight expectation, which may be asserted without any probable grounds for belief.
He next moved to amend his affidavit, and to insert that “he believed,” instead of “that he expected,” wherever the latter expressions, concurred, as averred in his affidavit. This amendment the court refused. and we conceive very properly. To permit a party under the apprehension of great danger, and swearing in his own case, to mend his hold, after the opinion of the court has pointed out the defects in his testimony, presents too powerful a temptation to perjury, to be presented by a court of justice, and ought not to be tolerated. Because the party swears in his own case, the presumption is violent, that he has made it as strong in his first detail as the facts will allow. Hence such affidavits are construed strictly; and to permit him to make amendments after adjudication, gives too strong and almost irresistible inducement to state what is not true,
Upon the whole case, therefore, we perceive no error in the judgment of the court below, and it must be affirmed with costs.