BURRISS *against* WISE & HIND.

APPEAL *from Phillips Circuit Court.*

If, after his motion to quash the writ is overruled, the defendant appears and pleads to the action, he waives all defects in the writ, if any existed.

Where, at Dec. Term, 1838, a cause was continued on account of the absence of A. and B., two of defendant's witnesses; and at May Term, 1839, another affidavit for continuance is filed by him on account of the absence of A., one of the same witnesses, a continuance cannot be granted, because no suit can be twice continued for the same cause.

Every affidavit for a continuance must state that the party has reason to believe that he can procure the attendance of the witnesses by the next term of the court, or that their testimony can be procured by that time.

In an affidavit for continuance under our statute, it is sufficient to state, that the party *expects* to prove by the witnesses who are absent, the facts stated in his affidavit.

The party who, in applying for a continuance, seeks to free himself from the presumption of culpable negligence, is bound to show such a state of facts or circumstances, as will prove that he has used due diligence to obtain the testimony, or as will take his case out of the legal inference which stands against him.

Where the affidavit states that the defendant had leave to take depositions at the last term of the court, but could not avail himself of that leave, in consequence of the witness having left his former place of abode, at the time when deft. intended to have procured his deposition, to a remote part of an adjoining county; which location the deft. was not apprized of until within the last two or three weeks, when it would have been impossible for him to have procured his deposition in time to be read, and the record shows that he did not apply to take the deposition until two or three weeks prior to the trial, the court acts rightly in refusing a continuance.

In failing to apply to take the deposition before, the deft. must be considered guilty of culpable negligence, as he shows no excuse for such failure; and he should also have shown that he had diligently searched for and inquired after the residence of the witness, and could not possibly find out where he resided, nor could he by any practicable means in his power procure his testimony.

Should the Circuit Court, in the exercise of their discretion as to granting or refusing continuances, capriciously or arbitrarily sport away important rights belonging to either party, their decisions and judgments would be examined in the Supreme Court, and be liable to be corrected on appeal or writ of error.

But this court would not reverse a decision or judgment below, for merely granting or refusing a continuance, unless it clearly and positively appears, from the face of the record, that the court below were guilty of palpable and manifest violation of public duty, seriously prejudging the rights of the party complaining.

In order to entitle a party to a new trial, on the ground of newly discovered evidence, the affidavit in the case must show:

*First*, the names of witnesses whose testimony has been discovered, and the facts expected to be established by them;

*Second*, facts and circumstances sufficient to prove that the applicant has used due diligence in preparing his case for trial;

*Third*, that the facts and circumstances newly discovered, have come to his knowledge since the trial, and are such, as, if adduced on the trial, would have been competent to prove the issue, and would probably have changed the verdict; and

*Fourth*, that the evidence discovered is not cumulative of that previously relied on, and will tend to prove material facts, which were not put directly in issue on the trial.

The affidavit must show affirmatively, that the newly discovered evidence is not cumulative.

Burriss *against* Wise and Hind.

Where no part of the evidence is spread upon the record, and the affidavits of persons filed in support of the motion for a new trial set down the prices of the carpenters' work and labor done, for which suit was brought, at much lower rates than they are charged in the plaintiff's bill, but fail to show that the persons making the affidavits were carpenters by trade, or judges of the prices of such work and labor, they are insufficient.

If this testimony had been adduced on the trial, it might have been disproved by the evidence in the case. This is the legal inference following the verdict and judgment; and the appellant cannot escape from it, unless he shows affirmatively, by spreading the whole testimony upon the record, that such would not have been the fact.

This was an action of assumpsit, commenced by *Wise* and *Hind,* who were mechanics, and partners as carpenters, against Burriss, upon the common counts for work and labor.

At the return term, the defendant moved to quash the writ, which motion was overruled, and he excepted, and then pleaded non assumpsit, to which issue was joined. On defendant's motion and affidavit, the case was then continued on account of the absence of *James F. Ellis* and *James Wise,* two material witnesses.

At May term, 1839, Burriss again moved to continue the case, on his affidavit, stating that James F. Ellis, a material witness in his behalf, and who had been duly subpœnaed, was absent, by whom, if present, he expected to prove an offset of $200, and was the only witness known to him by whom the same facts could be established; that although he had leave at Nov. term, 1838, to take depositions generally, he could not avail himself of that leave, in consequence of said Ellis having left his former place of residence at the time he intended to have procured his deposition, to a remote part of Arkansas county, which location he was not apprized of, until within two or three weeks before the trial, when it would have been impossible to procure his deposition in time, and that the continuance was not asked for delay, &c.

The motion for a continuance was overruled, to which Burriss excepted. A jury was then called, and verdict returned and judgment rendered for $481, 30 cents damages.

The defendant then filed his motion, sworn to, for a new trial, on the grounds: *first,* that he was not able to adduce the testimony stated in his affidavit for continuance; *second,* that he had discovered important evidence, of which he was unapprized before or at the trial, which would diminish the plaintiff's claim about $200, and that he had used due diligence to obtain all the evidence in his favor; and

Burriss *against* Wise and Hind.

*third,* that the verdict was exorbitant, unreasonable, and unsupported by the facts or justice of the case.

Connected with this is the affidavit of two persons, of their measurement and estimate of the work done by the plaintiffs for the defendant, by which the amount of the work is estimated at $441 37. The bill of *Hind & Wise,* for the same work, as filed, $648 30.

The court overruled the motion for a new trial, and Burriss appealed.

Cummins & Pike for appellant:

The first question in this case is, whether the affidavit for continuance is sufficient, and whether, when it was made, a continuance should not have been granted.

That it was sufficient, there can be but little doubt. It states that a material witness is absent, and gives his name—that he has been duly subpœnaed in the cause—that if present he would prove an offset against the plaintiff's demand to the sum of two hundred dollars —that he is the only witness known to the defendant by whom the same facts can be established—that the defendant had not taken his deposition, because he had removed to a remote part of another county—and the defendant did not know his location until within two or three weeks before the trial, when it would have been impossible to have procured his deposition in time; and that the continuance is not asked for delay, &c.

If the affidavit was sufficient, it was clearly error to refuse a continuance; and the error is not cured by the defendant's appearing and contesting the case at the trial. See to both these points, *Hooker v. Rogers,* 6 *Cowen* 577.

No doubt the court below had a discretion as to granting a continuance, according to the rule laid down in *Rex* v. *D'Eon,* 3d *Burr* 1514; 1 *W. Bla.* 514 S. C.; but it is not an arbitrary discretion which cannot be reviewed on appeal or error. But this rule does not attach, unless by counter affidavits, or otherwise, circumstances of suspicion are made to appear. That discretion, when exercised, is to be exercised legally. If not, a court of error will correct the court below. *Ogden* v. *Payne,* 5 *Cowen* 15; the *People* v. *Vermilyea,* 7 *Cowen* 385, 395.

Burriss *against* Wise and Hind.

The court below, therefore, should have granted a continuance; and if so, it was error afterwards to refuse a new trial. See cases cited above, and see also on both points, *Van Vlaricum* v. *Ward*, 1 *Blackf.* 50; *Fuller* v. *The State*, 1 *Blackf.* 63; *Higginbotham* v. *Chamberlayne*, 4 *Munf.* 547; *Smith* v. *Snoddy*, 2 *Marsh.* 382; *Davis* v. *Gray*, 3 *Litt.* 451.

We contend, also, that there was error in refusing a new trial, upon the affidavit of newly discovered evidence. The affidavits of the witnesses whose testimony was so discovered, are attached to the motion for a new trial, and show that their testimony would have much reduced the claim of the plaintiffs below. The testimony is not cumulative, because no evidence whatever appears to have been given by the plaintiff in error on the trial. The rule is, that a new trial will not be granted, where the newly discovered testimony goes to the same fact which was litigated on the former trial, and where it is to corroborate former testimony. *Steinback* v. *Col. Ins. Co.*, 2 *Cain.* 129; *Smith* v. *Brush*, 8 *J. R.* 84; *Pike* v. *Evans*, 15 *J. R.* 210; *The People* v. *Sup. Ct. of N. York*, 10 *Wend.* 295; *Chatfield* v. *Lathrop*, 6 *Pick.* 417, 418; *Gardner* v. *Mitchell*, 6 *Pick.* 114.

In this case the record does not show that any testimony whatever was offered by Burriss in the court below, and therefore the newly discovered evidence could not have been cumulative.

TRAPNALL & COCKE, *contra:*

The defendant having abandoned the objections raised on account of the variance between the writ and declaration, by appearing and pleading, the first question presented for the consideration of the court, relates to the sufficiency of the second affidavit for a continuance, and this we regard as defective in several material respects. The deponent does not state that he firmly believes he can prove the facts alleged by the absent witness. In *Owen* v. *Starr*, 2d *Littell* 233, the court say that as an affidavit for a continuance is the testimony of the party interested, it ought to be construed with some degree of strictness. In looking over this, we discover another defect worthy of notice. The statement is, that he *expected to prove*, by the absent witnesses, the facts. This is an equivocal expression, and his exper-

Burriss *against* Wise and Hind.

tation might be founded upon slight grounds.  An applicant ought to state, that he *firmly believed* he could prove the facts by the witness absent.  *Less than this ought not to entitle him to indulgence* for the purpose of procuring the witness.  See also the same principle referred to and recognized in the case of *Smalley* v. *Anderson and wife*, 4*th Monroe*, 269.  It will also be found upon examination of the first and second affidavit, that the continuance asked for in both is on account of the absence of *James F. Ellis*, and the statute is imperative that no suit shall be twice continued for the same cause.  *Revised Code*, 631, *sec.* 85.  The excuse assigned for not taking the deposition as he might have done, under the rule granted at a previous term of the court, is too vague and unsatisfactory, particularly so in an application for a second continuance.  We hold the sound and just rule upon this subject to be, that when a party would relieve himself against the presumption of culpable negligence, the facts in excuse should be stated with so much precision and certainty, as to leave no room for rational inferences against him.  The excuse alleged in this instance is, that the witness had left his former place of residence at the time the plaintiff intended to procure his deposition, and removed to a remote part of the county of Arkansas, and that he was not apprized of his residence until two or three weeks before.  At what time did he intend to take the deposition of the witness, and what exertions did he use to ascertain his place of residence, when informed of his removal?  In regard to this the affidavit is silent.  The plaintiff may have been guilty of inexcusable laches in postponing, too long, the time when he intended to take the deposition, or he may have made no exertions whatever to find out the residence of the witness when informed that he had left his former place of abode.  It is not enough for the plaintiff to show that he was disappointed in finding the witness at a particular time, when he intended to take his deposition, but he must show that he has used throughout a due and proper degree of diligence to obtain it.  The affidavit does not state that he can procure the testimony of the witness by the next term, as required by *statute* 631, *Revised Code*, *sec.* 80.  Although it is stated in the record that a motion and affidavit for a change of venue were filed, yet neither appear in the transcript sent to this court, nor is any

exception taken to the opinion of the court, overruling the application. The only remaining point to be examined, is the second reason assigned in support of the motion for a new trial, and that is "that the plaintiff has been advised since the trial of the cause of the existence of important evidence, of which he was unadvised before or at the time, which would diminish the claim of defendants about two hundred dollars, and that plaintiff had used due diligence to obtain all the testimony in his power." "To entitle a party to a new trial on the ground of newly discovered testimony, the following facts should be shown: 1st. *The names of the witnesses* who have been discovered. 2d. That the applicant had been vigilant in preparing his case for trial. 3d. That the new facts were discovered after the trial, and would be important. 4th. That the evidence discovered will tend to *prove facts which were not directly in issue on the trial,* or were not *then known or investigated by proof." Ewing* v. *Price,* 3d *J. J. Marsh.* 522. The petition in this case does not disclose the name of the witness or witnesses by whom he expects to establish the newly discovered testimony. It does not state what that testimony is, nor does it show that the newly discovered testimony would apply to facts which were not in issue, or which had not been contested on the trial. In all these important essentials the affidavit is insufficient. And the principle laid down in the case above referred to is, that when a motion is *over-ruled,* the judgment will not be reversed, *unless it had been clearly shown that the complaining party had made out a good cause, conformably to the rules prescribed in such cases.* Upon the subject of new trials, and of testimony discovered after verdict, see *Daniel* v. *Daniel,* 2d *J. J. Marsh.* 52; *Wells* v. *Phelps,* 4th *Bibb* 573; *Rispass* v. *McClannahan, Hardin R.* 345; *Smith* v. *Brush,* 8th *John.* 84.

None of the testimony before the jury has been embodied in the bills of exception, and there is nothing by which this court can determine whether or not the court below erred, and in such cases the presumption always is that they did not.

LACY, *Judge,* delivered the opinion of the Court:

This cause comes up by appeal taken by the defendant, from the judgment of the court below. The assignment of errors present

these three questions: *First.* Did the Circuit Court err, in re-
fusing to quash the writ? *Secondly.* In overruling the appellant's
motion for a continuance of the cause? And *lastly*, in not granting
him a new trial? That the court below decided rightly in refusing
to quash the writ, there can be no doubt, for after the motion was
made and overruled, the appellant appeared and pleaded to the
action, and his appearance and plea cured whatever defects there
might be to the writ, if indeed any existed. The object of the writ
is to bring the party into court, and if he appeared and pleaded to a
defective writ, its insufficiency is cured, and so it has been frequently
ruled by this court.

It is equally clear that the court below did not err in refusing to
grant a continuance of the cause, on the appellant's motion and
affidavit. The record proves that the cause was continued at the
December term, 1838, on the motion and affidavit of the appellant,
and that an order was then entered by consent, for the parties to take
*depositions* generally.

The affidavit that was then filed and sworn to, shows that the con-
tinuance at the December term, 1838, was asked for and obtained
on account of the absence and materiality of the evidence of James
Wise and James F. Ellis, two of the defendant's witnesses. The af-
fidavit which was filed and sworn to at the May term, 1839, shows
that the motion which was made for a second continuance of the
cause, was also asked for on account of the materiality and absence of
the testimony of James F. Ellis alone. The cause was once continued
for James F. Ellis' testimony, and the second continuance was refused
on the appellant's motion for the same identical evidence. The
statute in regard to the subject of continuances declares, " that no
suit shall be twice continued for the same cause." *Rev. Statutes* 631,
*section* 85. The affidavit in behalf of the appellant in error for a
second continuance, is defective in no other material point. It does
not state as the statute requires, " that the appellant had reason to
believe that he could procure the attendance of the witnesses by the
next term of the court, or that he could procure his testimony by that
term." This statement the act requires upon every application for a
continuance, and if the party in his affidavit fails to make it, then he

Burriss *against* Wise and Hind.

has no right to a continuance. *Revised Statutes, page* 631, *section* 86.

The affidavit alleges that the appellant expects to prove by the absent witnesses, an offset of two hundred dollars against the appellees' demand. This statement, according to the practice of the English, and in most, if not all of the American courts, would be wholly insufficient to entitle a party to a continuance. These expectations may be founded on slight and unreasonable grounds, and such as by no means amount to a firm conviction or belief, that he can prove the facts set forth in his affidavit, which the common law requires in every instance upon application for a continuance. *Smalley v. Anderson,* 4 *Mon.* 369; *Owens v. Starr,* 2 *Litt.* 232.

But our statute seems to have changed the whole course of the common law, as well as the practice of most if not all the courts of our own country; for it only requires the appellant to state that he expects to be able to prove the facts contained in his affidavit, by the absent witness. The affidavit in this particular must therefore be considered as correct, for it strictly complies with the provisions of our statute, which is all it can be expected to do.

It will be recollected, that at the December term, 1838, an order was made, giving the parties leave to take depositions generally, and that the cause was then continued on motion of the appellant, for the want of James F. Ellis' testimony; and that the case was not finally tried and decided until the May term, 1839. The appellant in error, then, had sufficient time to have procured the attendance of the witness, or his testimony, if he had used due diligence in preparing his case for trial. We hold the true rule on this subject to be, that he who seeks to relieve himself from the presumption of culpapble negligence, is bound to show such state of facts or circumstances, as will prove he has used due diligence, or as will take his case out of the legal inference which stands against him. In the present instance the appellant has wholly failed to state in his affidavit any such facts or circumstances as will relieve him from the presumption of the rule. He shows no reasonable excuse why he did not take the deposition of the absent witness before he applied to do so, which was only two or three weeks prior to the commencement of the trial. There is no

unavoidable circumstance alleged which prevented him. The appellant surely does not show a reasonable excuse for not using due diligence, when he alleges, that at the time he applied to take the witness's deposition, he had left his former residence, and had removed to a remote part of Arkansas county. We are not positively informed when this application was made to take the deposition. Why is the fact not stated, and the exact time given? The presumption is, that but a short time before the trial, and that reference is conclusively sustained by the record, why did not the appellant apply to take the witness's deposition before? In failing to do so, he must therefore be considered as guilty of culpable negligence.

Again, the affidavit alleges, that the appellant was not apprised of the witness's present residence, until two or three weeks before the commencement of the trial. It gives no excuse why he was not apprised of his present residence previous to that time, nor does he show that he used diligent search and inquiry to find it out. He certainly was not entitled to a second continuance unless he proved that he had diligently searched for and inquired after the residence of the witness, and that he could not possibly find out where he resided, nor could he by any practicable means in his power procure his testimony. In failing to state these important and essential facts, the affidavit is totally insufficient to authorize a suit, much less a second continuance, and therefore the court below acted properly in refusing the continuance.

It has been correctly argued by the counsel for the appellant, that the power to grant or refuse continuancy, is a sound, discretionary, legal power, inherent in all courts, and given for the express purpose of preventing delay and promoting the ends of justice; and that should the Circuit Court, in the exercise of its discretionary power, capriciously or arbitrarily sport away important rights belonging to either party, that their decisions and judgment would be examined in this court, and liable to be corrected on appeal or in writ of error. See *Revised Statutes*, 631; *Rex* v. *D'Eon*, 3 *Burr.* 1514; 1 *W. Black.* 514, *S. C.*; *Ogden* v. *Payne*, 5 *Cowen* 15; *The People* v. *Vermilyea*, 7 *Cowen* 388, 395; *Hooker* v. *Rogers*, 6 *Cowen* 577. This is no doubt the correct rule on the subject; but the case under con-

sideration does not fall within the principle stated, and therefore cannot be benefitted by it. It may be proper here to remark, that this court would not reverse a decision or judgment below, for mere ly granting or refusing a continuance, unless it clearly and positively appears from the face of the record, that the court who decided the cause had been guilty of a palpable and manifest violation of public duty, seriously prejudicing the rights of the parties com plaining.

The only remaining point to be determined is, did the Circuit Court err in refusing a new trial, on the ground of newly discovered evidence on the trial. The doctrine upon this subject is well settled, both upon reason and authority, and we will now fully state it. In order to entitle a party to a new trial, on the ground of newly discovered evidence since the former trial, the affidavit in the case must prove, 1st, the names of the witnesses whose testimony has been discovered, and the facts expected to be established by them; 2d, that the facts and circumstances as proved, must show that the applicant has used due diligence in preparing his case for trial; 3d, that the facts and circumstances newly discovered, have come to his knowledge since the determination of the trial, and they must be such as if adduced on the trial were competent to prove the issue, and would probably have changed the verdict; and 4th, that the evidence discovered is not cumulative of that previously relied on, and that it will tend to prove material facts, which were not put directly in issue on the former trial.

These principles are well settled by a series of broken decisions, which is perfectly conclusive on the point. *Ewing* v. *Price*, 3 *J. J. Marshall*, 520; *Daniel* v. *Daniel*, 2 *J. J. Marshall* 52; *Wells* v. *Phelps*, 4 *Bibb* 563; *Smith* v. *Brush et al.*, 8 *J. R.* 84; *Pike* v. *Evans*, 15 *J. R.* 210; *The People* v. *Superior Court of N. Y.*, 10 *Wend.* 295; *Gardner* v. *Mitchell*, 6 *Pick.* 114.

The application of the rule as here laid down, will test the question now in controversy. The bill of exceptions in this case fails to set out any portion of the evidence that was adduced upon the trial. The legal presumption, then, is in favor of the verdict and judgment below, and they cannot be disturbed unless it satisfactorily appear,

Burriss *against* Wise and Hind.

affirmatively, that they were evidently and materially erroneous. The affidavits filed in support of that motion for a new trial, do not prove that the defendant below used any exertions, or even attempted to prove the evidence of the newly discovered testimony on the trial.

The appellant's affidavit does not show that he used due diligence to procure their attendance or testimony; consequently, he is not entitled to the benefit of the evidence which he might have discovered before the trial, but which has come to his knowledge since, merely because he made an effort or exertion to procure it before that time.

The affidavit is fatally defective in another point of view. It wholly fails to establish the position that the newly discovered evidence is not cumulative, or that it does not put directly in issue the same facts that were determined by the jury. The presumption is, that it is cumulative of the evidence adduced on the trial, and there is nothing on the record to contradict or overdraw this presumption. It must then stand as full proof on that point, and it clearly justifies the conclusion of the newly discovered evidence, upon 'the ground of being communicative testimony. Even if the newly discovered evidence had been introduced on the trial, we are authorized to presume it would materially have changed or altered the verdict.

It is true, that in the statement of the witnesses above newly discovered, evidence is filed in support of the appellant's motion for a new trial, the process of the work and labor sued for, is set down at a much lower rate than is charged in the plaintiff's bill. But that statement fails to show that the witnesses were carpenters by trade, or that they are judges of the prices of such work and labor. Besides, if their testimony had been adduced upon the trial, it might and probably would have been disproved by the evidence in the case. This is the legal inference following the verdict and judgment, and the appellant cannot except from its consequences and effects, unless he shows affirmatively by spreading the whole testimony upon the record, that such would not have been the fact. In failing to rebut and disprove this presumption, he stands bound

by it, and therefore this newly discovered evidence cannot avail any thing on his motion for a new trial. Upon each and all of these grounds, it is perfectly manifest, that the court below decided correctly, in refusing to grant the appellant a new trial. The decision and judgment of the Circuit Court must therefore be affirmed, with costs.