TRESPASS.                  **Banta *vs* Reynolds and Kendall.**

ERROR TO THE FRANKLIN CIRCUIT.

*Case* 27.      *Attachment.   Process.   Void and voidable.   Pleading.*

*September* 28.   CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

The case stated.

UNDER an attachment from a Justice of the Peace procured by Reynolds against Banta, as a secretly removing debtor; Kendall, as Constable, with the aid of Reynolds, seized many articles of the personal property of Banta, who brought this action of Trespass against them therefor.

The pleadings and judgment.

The defendants justified under the attachment—the plaintiff replied that the process was void, because the statutory bond had not been executed—the defendants rejoined exhibiting a bond with a penalty double the amount of the principal debt, without interest, a small amount of which had accrued—the plaintiff demurred to this rejoinder, and the Court having overruled the demurrer, he failed to plead further, and judgment was, thereupon, rendered in bar of the action.

Questions for revision.

As the demurrer involved the plea and replication as well as the rejoinder, two questions are presented for revision on this writ of error to that judgment: 1st, Was the attachment valid on its face? 2d, Did the non-execution of a bond in double the amount of the debt, principal and interest, render the bond absolutely void?

Attachment issued by a justice, where the justice has jurisdiction, unless causelessly sued out, is a justification to both the officer and plaintiff, in an action of trespass *vi et armis*.

1. Unless the process was void, it gave authority to the officer, who is not charged with excess or abuse in the execution of it; and, as there is no allegation that it was sued out causelessly, it was a justification also to the co-operating creditor, and would protect him against an action of Trespass *vi et armis*, (as brought,) if the magistrate did not exceed his jurisdiction.   And moreover, as the *justice* had jurisdiction to grant such attachments, the process was a legal justification to the officer even if the Justice had exceeded his authority in this case, unless the attachment showed that fact on its face.

This it does not show. It recites that Reynolds had made oath that Banta was secretly removing with his property from Franklin county, in which it was issued; but it does not expressly recite that his affidavit included the additional or consequential fact, that the ordinary process of law could not be executed. This omission does not show that the Justice exceeded his judicial authority, as given by statute, to issue an attachment upon affidavit, that a debtor "is secretly removing his property, *so that* the ordinary process of law could not be served on him." Had it not recited any affidavit at all, the ministerial officer ought to have presumed that the Justice had acted legally and not transcended his statutory power, and it would, therefore, have been his duty to execute the attachment, unless, in fact, the Justice had exceeded his authority, which does not affirmatively appear.

Besides, the replication does not deny that a sufficient affidavit was, in fact, made, but questions only the sufficiency of the bond, thereby virtually conceding jurisdiction and authority on every other ground.

2. The statute of 1838–9, (*Ses. Acts,* 259,) as well as the act of 1796, (1 *Digest,* 159–60,) directs the Justice, "before granting an attachment," to take bond and security from the attaching creditor, "in double the sum to be attached," and declares that "every attachment issued without such bond taken, *or where no bond shall be returned,*" shall be "*illegal and void, and shall be dismissed.*"

But, considering the object and the context of this provision, we must deem the word "void" as used incautiously and intended only to mean *voidable.* If the Legislature intended that the attachment should be *void,* in the full and technical sense, then it would afford no justification to the officer who executed it; and certainly it would be unreasonable to subject a ministerial officer as a trespasser, merely because the Justice had omitted to exact a bond, or had not made the penalty quite equal to double the amount of the debt, or more especially because the Justice had failed, *subsequent to the execution of the attachment,* to return the bond, when it was proper to do so, to the Circuit Court. It would be absurd to

The statute of 1838-9, *Ses. Acts,* 259, declaring attachments issued without the execution of the bond therein prescribed, or where no bond shall be returned, *void,* is only directory to the Justice, and the process in such case is not *void ab initio,* but is *prima facie* a justification to the officer or party acting under such process.

make a Constable responsible for such extraneous facts. It is not his province to examine and decide on the regularity or validity of preliminary proceedings, nor would he have a right to suspend the attachment until he could go to the Justice and make such examination and revisory decision. This provision is directory merely, and must intend only that, for a non-compliance with the prescribed injunction, the attachment may be *avoided*, and consequently "*dismissed.*"

This interpretation will affect all the objects of the enactment—any other would be unjust and absurd in its consequences. And so this Court decided in the case of *Owens* vs *Star*, (2 *Littell*, 235;) in which case, though the attachment bond, as exhibited in the record in this Court, was not in a penalty double the amount of the attached debt, our predecessors decided that this was only an irregularity which rendered the attachment voidable, but did not make it void *ab initio*. We have no doubt that the Legislature intended, not that the process should be deemed void from the beginning, but that it might be avoided, and thus, in effect, made void so far as to exonerate the debtor from that form of suit and his sequestered goods from detention and lien under the avoided process.

It is, therefore, considered that the judgment be affirmed.

*Hewitt* for plaintiff: *Cates & Lindsey* for defendants.