Mu. Justice Scott delivered the opinion of the Court. This was an application for a new trial upon the ground of the discovery of new evidence since the trial. There is nothing, perhaps, touching the power of granting new trials which more requires that its exercise should be left in the discretion of the court where the trial is had, than applications based upon this ground. To refuse a new trial when the party has really discovered new testimony of a conclusive character, such as a receipt, or a release, would be against reason and authority, but to allow it because he has found out other witnesses who would go to strengthen those produced on the trial or those who might have been had at the trial by the exercise of due diligence, to establish other independent material facts, would in many cases lead to very great abuses. But as no precise line can be drawn, however much the various settled rules on this subject may approximate to such a line, much must of necessity be left to the discretion of the court before whom the.trial is had, which should always take care that verdicts obtained by fraud or surprise shall not be enforced on the one hand, nor new trials obtained by trick or frivolous pretexts on the other. No legal doctrine is involved in the case before us that has not heretofore been settled in the several previous decisions of this court touching this subject — none of which we see any reason to disturb — and we have but to examine this case in the light of these decisions. Burris vs. Wise and others, 2 Ark. 33. Ballard vs. Noaks. ib. 45. Robins vs. Fowler, ib. 133. Olmstaad vs. Hill, ib. 346. Bourden vs. Mason, 5 Ark. 256. Brown vs. Stacy, ib. 403 Collins vs. McPeak, 5 Eng. 557. 1. No facts or circumstances whatever are presented that show that the applicant exercised due diligence in preparing his case for trial. It is true, as to this, that his counsel swears in gross to “ due diligence”; but this is not sufficient. Due diligence is not purely a matter of fact; and although this imperfect manner of sustaining this point of the motion might be satisfactory to the court below, if otherwise cognizant of what the party had done in the preparation of his case for trial, it cannot be available here where nothing de hors the record can be known to us and where at every step we presume in favor of the court below. 2. Although the motion is upon the ground that since the trial the defendant has discovered new testimony the affidavit in support of this point is simply that “ the evidence has been discovered since the trial”; but by whom this discovery has been made does not appear. All that is sworn to on this point may be true; and nevertheless the testimony may have been within the knowledge both of the defendant and his counsel long before. Nor is it altogether improbable but that it may have been in fact within the knowledge of the defendant himself, or, at the very least, might have been by the exercise of only ordinary diligence, because his first witness testified as to “ one Boots” in connection with the ownership and as one of the previous alleged owners of the pony in controversy, who, it is not improbable, is the same “William Boots whose testimony is alleged to have been newly discovered. 3. Nor is it by any means clearly shown either by facts or circumstances in connection with the testimony saved by the bill of exceptions that the newly discovered testimony was not cumulative, because the defendant by his testimony on the trial had traced the pony in controversy- to “ an Indian” who had sold it to “ one Boots,” and for any thing to the contrary the plaintiff below may have been that Indian. It is true that it is stated in the affidavit in round terms that this new testimony was “ not cumulative,” but this mode of supporting that point is obnoxious to the same objection taken against the manner of showing “ due diligence.” 4. Nor is any thing whatever shown as to the probability of the defendant’s being ever able to produce the alleged new testimony in court. All that appears on the record in this connection is, that one of the defendant’s witnesses swore “ he did not know where Boots was.” For aught that appears to the contrary the court may have had reason to be satisfied that the witness could never be found. There is no error in the record: let .the judgment be affirmed.